Carlton A. Fisher, J.
This is an application by Patricia Betzold for an order to vacate and set aside an order of this court granted February 4, 1969 directing the County Clerk of Erie County to file a separation agreement subscribed and acknowledged by said Patricia Betzold and her husband, Gary Betzold, on July 22, 1966, retroactively, as of said July 22, 1966.
On April 27, 1966, chapter 254 of the Laws of 1966 was enacted, effective as of September 1,1967, amending the Domestic Relations Law.
*406 One of the provisions of this new legislation amended section 170 of the Domestic Relations Law by adding a new provision contained in subdivision (6) of said section 170. This subdivision provides that an action for divorce can be maintained if a husband and wife have lived separate and apart for a period of two years, pursuant to a written agreement of separation, subscribed and acknowledged by the parties, provided that such agreement shall have been filed within 30 days after the execution thereof in the office of the Clerk of the county wherein either party resides.
Section 15 of the said chapter 254 of the Laws of 1966 provides that the two-year period specified in subdivision (6) of section 170 of the Domestic Relations Law should not be computed to include any period prior to September 1, 1966.
On November 1, 1966 Justice Nathan R. Sobel, at a Special Term of the Supreme Court, Kings County, handed down a decision in the case entitled Matter of Curatolo (52 Misc 2d 31). In that case the husband petitioned the court for leave to file with the County Clerk a separation agreement dated January 3, 1964. Justice Sobel stated that it was his opinion that the Legislature had intended to make subdivision (6) of section 170 of the Domestic Relations Law applicable to “ old ” agreements and that the filing provision of said subdivision (6) did not apply to separation agreements entered into prior to September 1, 1966, and he thereupon directed the County Clerk to accept and file the said agreement.
In the last paragraph of the opinion, Justice Sobel wrote as follows (p. 35): “This decision has no value except as an expression of opinion by a Trial Justice. I therefore order the County Clerk to accept for filing the separation agreement entered into by the parties on January 3, 1964 in order to create a controversy which hopefully may be adjudicated by the appellate courts. Either such a decision or legislative action is essential to avoid a flood of litigation after September 1, 1968.”
Research fails to show that any appeal was taken from Justice Sobel’s decision or that any appellate court ever passed upon the questions raised in the Guratolo case. However, the Legislature did take action to clarify those questions by enacting chapter 700 of the Laws of 1968, effective June 16, 1968. This clarifying legislation provides, in effect, that in order to be “ convertible ” into a divorce, a separation agreement must have been subscribed and acknowledged on or after August 1, 1966.
Furthermore, the memorandum of the Joint Legislative Committee on Matrimonial and Family Laws, relating to said chap *407 ter 700 of the Laws of 1968, states in part as follows: “ The living apart ground for divorce based upon an agreement of separation is being amended to recite that the agreement must be one subscribed and acknowledged on or after August 1, 1966. This language is being added in order to clearly show that there is no legislative intent that this section have retroactive effect.” (McKinney’s 1968 Session Laws of New York, vol. 2, p. 2308; see, also, Kaplan v. Kaplan, 31 A D 2d 247, 249 [2d Dept., 1969].)
As has been stated above, in the instant case Patricia Betzold and Gary Betzold subscribed and acknowledged their separation agreement on July 22, 1966, which date is prior to August 1, 1966 which is the date set forth in the new amendment to subdivision (6) of section 170 of the Domestic Relations Law, as provided by chapter 700 of the Laws of 1968, all of which is discussed above. Furthermore, the agreement was never filed in any County Clerk’s office. The said Gary Betzold applied for an order of this court to direct the Clerk of Erie County to accept and file said agreement retroactively as of July 22, 1966. The expressed purpose of said applicant was to make said agreement and the living separate and apart thereunder for two years a basis for a possible divorce action under subdivision (6) of section 170 of the Domestic Relations Law.
By inadvertence, and because this court was not fully advised of all the facts, the court granted the application.
However, it is clear that said agreement cannot be used as a basis for any divorce action for two reasons. In the first place, the agreement was not signed and acknowledged on or after August 1, 1966, as required by subdivision (6) of section 170 of the Domestic Relations Law as amended by chapter 700 of the Laws of 1968. Furthermore, the agreement was not filed within 30 days after such execution and acknowledgment as required by that subdivision.
The reasons for those requirements are stated in Adelman v. Adelman (58 Misc 2d 803, 808-809) where Justice Holtzmait wrote in part as follows: ‘ * With respect to the instant legislation, this court is of the opinion that rational bases exist for the classifications contained in subdivisions (5) and (6) of section 170 of the Domestic Relations Law. Besides the basic differences between separation decrees and agreements * * * there is also the factor that since the separation decree is a matter of court record there would be no possibility of fraud while such a possibility might exist by the pre-dating of separation agreements were persons permitted to obtain a conversion divorce based on a two-year separation under an agreement *408 entered into prior to August 1, 1966. Obviously, this was the purpose of requiring the acknowledgment and filing of separation agreements.” (Emphasis supplied.)
Said Gary Betzold cites the Curatolo case as authority for his position but, as has been indicated above, said case was not of great weight when it was decided, and its value has been destroyed by the 1968 legislative amendment to subdivision (6) of section 170 of the Domestic Relations Law. While the said Gary Betzold has cited numerous other cases to this court, none of them are in point.
For the reasons set forth above, the application of Patricia Betzold is granted and the prior order of this court granted February 4, 1969 directing the 'County Clerk of Erie County to accept and file the said separation agreement between Patricia Betzold and Gary Betzold subscribed and acknowledged July 22, 1966 retroactively is vacated and set aside and the Clerk of Erie County is ordered and directed to cancel such filing and to return the said agreement to the attorney for said Gary Betzold.